UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Andrew MEINNERT,<br><br>       Plaintiff,<br><br>vs.<br><br>Stephen HOLLEY, Jr, an Individual;<br>Molly HOLLEY, an Individual,<br><br>       Defendants. | Case No.   3:20-cv-00255-RCJ-CSD<br><br>**ORDER** |

Before this Court is Defendant's Motion to Strike (ECF No. 46) exhibits from Plaintiff's Reply in Support of the Motion for Summary Judgment ("Reply in Support"). (ECF No. 39). Plaintiff brought this action to recover on a personal guarantee that Defendant made on an investment contract that Defendant entered into with Plaintiff. (ECF No. 1). There are very few issues left for the Court to decide under the Motion for Summary Judgement. (ECF No. 39). However, Plaintiff submitted the Reply in Support with 29 pages, violating the local rules. LR 7-3(a). Additionally, Defendant alleged that Plaintiff violated the local rules when Plaintiff submitted new exhibits in the Reply in Support. (ECF No. 46). Defendant asks this Court to strike the exhibits or allow Defendant to file a surreply. For the reasons discussed herein, the Court will not strike the exhibits

1  and will allow Defendant to file a limited surreply to address the exhibits filed in the Reply in Support.

## I.    FACTUAL BACKGROUND

Plaintiff agreed to loan Stephen Holley, the Chief Operating Officer of Sixsite, and Molly Holley, his wife, (collectively "Defendant") $500,000 in exchange for a promissory note signed by Sixsite. (ECF No. 39 at 2). In addition to Sixsite's obligation to pay on the promissory note, Defendant agreed to personally guarantee the full amount of the loan. (*Id*. at 3). While the rest of the details regarding the loan are not relevant to this Order, it is important to note that Sixsite filed for bankruptcy, and Plaintiff brought this action to receive payment on Defendant's personal guarantee. (*Id*. at 6).

After engaging in discovery, Plaintiff brought a Motion for Summary Judgment. (*See generally* ECF No. 39). Defendant filed a Response to the Motion for Summary Judgment ("Response"). (ECF No. 43). In that Response, Defendant alleged that Plaintiff had not provided the Court with any evidence to prove the personal guarantee's validity or the correct amount of damages due under the personal guarantee. (*Id*.) Plaintiff filed a Reply in Support and produced evidence to rebut Defendant's claim that there is a lack of evidence to support finding for Plaintiff on the summary judgment motion. (ECF No. 44). The evidence that Plaintiff provided ("exhibits") aimed to prove that a valid personal guarantee existed and that Plaintiff correctly pleaded the amount due under the personal guarantee. (*Id*.) However, Defendant filed a Motion to Strike the exhibits that Plaintiff filed with the Reply in Support. (ECF No. 46); LR 7-3.

## II.    ANALYSIS

**A. Motion to Strike**

Defendant asks this court to strike Plaintiff's exhibits from the Reply in Support because, Defendant alleges, the local rules prohibit the use of exhibits in summary judgment replies. (ECF

No. 44 & 46). Specifically, Defendant argues that LR 7-3(a) does not allow parties to submit exhibits with summary judgment replies. LR 7-3(a) & (b) read accordingly (emphasis added):

> LR 7-3. PAGE LIMITS
>
> (a) Motions for summary judgment and responses to motions for summary judgment are limited to 30 pages, *excluding exhibits*. Replies in support of a motion for summary judgment are limited to 20 pages. Parties must not circumvent this rule by filing multiple motions.
> (b) All other motions, responses to motions, and pretrial and post-trial briefs are limited to 24 pages, *excluding exhibits*. All other replies are limited to 12 pages, *excluding exhibits*.

Defendant argues that, because LR 7-3(a) & (b) expressly state when page limits include exhibits, the local rules do not allow parties to attach exhibits to replies in support of a motion for summary judgment. (ECF No. 44 & 46).

Defendant "relies on the interpretive canon, *expressio unius est exclusio alterius*, expressing one item of [an] associated group or series excludes another left unmentioned." *N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 137 (2017) (internal quotation marks and citations omitted); (citing *Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 80 (2002)); (quoting *United States v. Vonn*, 535 U.S. 55, 65 (2002)). The *expressio unius* canon provides that "that all omissions from a statute should be understood as intentional exclusions." *Washington v. United States Dep't of State*, 996 F.3d 552, 562 (9th Cir. 2021). However, the *expressio unius* canon applies only when "circumstances support[ ] a sensible inference that the term left out must have been meant to be excluded." *N.L.R.B.*, 580 U.S at 137 (citation omitted). For this reason, the *expressio unius* canon "is a rule of interpretation, not a rule of law. The maxim is 'a product of logic and common sense,' properly applied only when it makes sense as a matter of legislative purpose." *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1313 (9th Cir. 1992); (quoting *Alcaraz v. Block*, 746 F.2d 593, 607–08 (9th Cir.1984)).

Mechanically applying the *expressio unius* canon to LR 7-3(a) in this circumstance runs contrary to both logic and common sense. Defendant introduced arguments in the Response, which prompted Plaintiff to reply with exhibits in opposition to the arguments. (ECF No. 43). Reading LR 7-3(a) as a prohibition on Plaintiff's right to respond with evidence to the new arguments made using the *expressio unius* canon would run afoul of the summary judgment process. If Defendant had their way, any party could defeat a motion for summary judgment by employing new arguments in their response to the moving party because LR 7-3(a) would prohibit the moving party from responding with evidence in opposition to the new arguments. Essentially, the nonmoving party could extend litigation simply because it came up with new arguments in their response. This would not only defeat the purpose of a reply in support of summary judgment, but it would also defeat the purpose of ever submitting a summary judgment motion. Logically, Defendant's reading of LR 7-3(a) doesn't make any sense. Therefore, the Court will not apply the *expressio unius* canon to LR 7-3(a) because it does not comply with common sense or legislative purpose.

### B. Statutory Interpretation of LR 7-3(a)

However, this Court should address Defendant's argument that Judge Silva already spoke for this Court and found that LR 7-3(a) does not allow the moving party to submit exhibits with a summary judgement reply. In *Heegel*, Judge Silva applied the *expressio unius* canon to LR 7-3(a) in an effort to stop the defendant from circumventing the local rules and submitting a summary judgment reply that exceeded the page limits and included new evidence and arguments. *Heegel v. Nevada Prop. 1 LLC*, 2022 U.S. Dist. LEXIS 146833, *1-2 (D. Nev., August 10, 2022). Importantly, the court found two issues with the defendant's reply in support of summary judgment: (1) defendant's reply in support went over the page limit with the exhibits attached and (2) defendant submitted new evidence with the reply in support. *Id*. Only the second

issue is relevant to this matter.

The defendant in *Heegel* submitted a reply in support with 26 pages and subsequently removed pages "by resubmitting the brief — with sans serif font, widowed headers, and narrower leading." *Id*. at *1. This clearly violated the local rules and prompted the *Heegel* court's response, however, this type of conduct is not at issue here. But, the *Heegel* court also found issue with the new evidence that defendant submitted with the reply in support, which Defendant alleges is at issue here. *Id*. at *2. As explained below, the *Heegel* court dealt with a flagrant violation of the local rules, which prompted the court to create a rule to stop flagrant violations. The *Heegel* court's rule, however, went too far and frustrated the purpose of the summary judgment process.

First, the court applied the *expressio unius* canon to LR 7-3 and found that the rule did not allow the moving party to submit a reply in support with exhibits. *Heegel*, 2022 U.S. Dist. at *2-3. The reasoning in *Heegel*, made sense for that matter specifically because the defendant wanted to circumvent the summary judgment process and submit new evidence in the summary judgment reply without giving the plaintiff an opportunity to reply to the new evidence. *Id*. at *2-4. Plaintiff in that matter did not make any arguments that prompted the defendant to submit the evidence that it submitted. *Id*. Rather, Judge Silva dealt with a defendant who wanted to blindside the plaintiff and destroy the summary judgment process with new evidence. *Id*. Judge Silva rightly prohibited the defendant from taking advantage of the summary judgment process. However, this Court believes that the *Heegel* court went too far and prohibited all exhibits from summary judgment replies.

Applying the *Heegel* reasoning to this matter, it is clear that the drafters of LR 7-3(a) did not intend to prohibit *all* exhibits from replies in support. Under *Heegel*, Plaintiff could not refute the new arguments brought in Defendant's Response with exhibits to the contrary. As

1  mentioned previously, preventing the moving party from responding to new arguments with
2  exhibits to the contrary in a reply in support of summary judgment would run afoul of the
3  summary judgment process. It would allow the non-moving party to resort to prejudicial antics in
4  order to defeat a motion for summary judgment. Clearly, the drafters of LR 7-3(a) did not intend
5  for such a result. Because courts should only apply the *expressio unius* canon "when it makes
6  sense as a matter of legislative purpose," it should not be applied to prohibit the moving party
7  from filing *any* exhibit with a reply in support of summary judgment. *Longview Fibre Co.*, 980
8  F.2d at 1313. Accordingly, this Court will not follow Judge Silva's interpretation in *Heegel*.

9  Understanding the flaws in applying the *expressio unius* canon, this Court believes that a
10 clearer understanding of LR 7-3(a) can come from the actual text of LR 7-3(a) and the caselaw
11 of this Circuit. Simply put, the text of the local rule shall keep its ordinary meaning. Parties can
12 only submit 20 pages for a summary judgment reply.  This Court will not read in a clause that
13 says "exhibits are prohibited" simply because the drafters forgot or *might have* wanted the court
14 to infer that they actively chose not to include it.[1] Adding words to the local rules creates the
15 mischief at issue here, where Defendant identified a way to circumvent the summary judgment
16 process. But, *Heegel* did identify an issue with LR 3-7. Parties can hide "their hand [and] avoid
17 filing exhibits in the summary judgment motion, and only play their cards in the reply brief"
18 when they file new evidence. *Heegel*, 2022 U.S. Dist. at *4. The court in *Heegel* argued that this
19 creates trouble for the non-moving party because "[s]urreplies are not permitted without leave of

---

[1] Going even further, adding words to the text of the local rule would frustrate the purpose of the local rule. Another "fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989). Reading words into LR 7-3(a) that pertain to the use of evidence does not align with the overall statutory scheme of where LR 7-3(a) is located because the title of section LR 7-3 is "PAGE LIMITS." Drawing on the context of where LR 7-3(a) is located, it is clear that the rule should not dictate whether the moving party can introduce exhibits with a summary judgment reply. Rather, it should simply provide the District with page limit guidelines.

court" and "motions for leave to file a surreply are discouraged," which means the non-moving party cannot respond to new evidence. *Id*.; (quoting LR 7-2(b)). Luckily, caselaw from this Circuit already solves the issue of parties submitting new evidence in the form of exhibits.[2]

**C. New Evidence**

Parties cannot submit new evidence in a reply, but evidence is not new "if it is submitted in direct response to proof adduced in opposition to a motion." *Unite Here Health v. Gilbert*, 2015 U.S. Dist. LEXIS 135065, *23 (D. Nev. Sep. 30, 2015); (quoting *Edwards v. Toys "R " Us*, 527 F. Supp. 2d 1197, 1205 n. 31 (C.D. Cal. 2007)); (citing *Terrell v. Contra Costa County*, 232 Fed.Appx. 626, 629 n. 2 (9th Cir. Apr. 16, 2007)); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to allow parties to submit "new evidence in their reply without affording plaintiffs an opportunity to respond"). Parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4 (D. Ariz. Mar. 5, 2014). However, the moving party cannot file evidence in a summary judgment reply if the non-moving has not yet acknowledged the lack of the evidence. *See Unite Here Health,* 2015 U.S. Dist. at *23-24. Basically, the moving party can supply evidence in a summary judgment reply when the non-moving party makes arguments based on the lack of evidence. Similarly here, where Defendant based their arguments on the nonexistence of evidence and Plaintiff supplied the evidence to counter their arguments.[3] But, the moving party cannot blindside the non-moving party with evidence that

---

[2] It is important to note that the *Heegel* court did not discuss any of the caselaw from this Circuit and District that already discussed the issue of introducing new evidence with a summary judgment reply. *See Heegel*, 2022 U.S. Dist. *1-6.

[3] This not only aligns with how courts in this Circuit look at new evidence, but it also tracks the purpose of the summary judgment process. If the moving party can respond to all genuine issues of material fact that the non-moving party claims exist, then the case should end at the summary judgment phase. Restricting the moving party's ability to do so would push cases to trial that should not ever see a court room.

does not address any of the arguments made in a summary judgment response. That rule addresses Judge Silva's concern in *Heegel* and the mischief at issue here.

Applying that rule here, Plaintiff's exhibits respond to the arguments that Defendant included in the Response and the Court will not strike them. Defendant alleged that a valid personal guarantee did not exist and Plaintiff provided evidence to the contrary. (ECF No. 43 & 44). Defendant alleged that Plaintiff had not provided the Court with evidence to prove the amount owed under the personal guarantee and Plaintiff provided the proper accounting. (*Id*.). Plaintiff supplied the exhibits to rebut the arguments and issues that Defendant threw out to create genuine issues of material facts in the summary judgement response. These exhibits are akin to the rebuttal evidence that courts in this Circuit allow in summary judgment replies because Plaintiff did not provide the exhibits for any other purpose than to respond to Defendant's arguments.[4] For that reason, the Court will not strike the exhibits from Plaintiff's Reply to Summary Judgement. (ECF No. 44).

**D. LR 7-3 Page Limit**

Regardless of how this Court applies *Heegel* to resolve the new exhibits issue, another issue remains: the length of Plaintiff's Reply in Support. Defendant argus that, notwithstanding the use of exhibits, Plaintiff violated LR 7-3(b)'s 20-page limit for summary judgment replies because Plaintiff's Reply in Support is 29 pages long. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary,

---

[4] Defendant argues that the Court should not allow Plaintiff to introduce these exhibits because it would allow the moving party to introduce new evidence and raise new arguments, which Defendant would have no opportunity to respond to. First, Plaintiff is not introducing new evidence. Second, Plaintiff is not raising new arguments, rather, Plaintiff is responding to the arguments that Defendant made in the Response to Summary Judgment. Even if it were true that the moving party introduced new arguments, the non-moving party could request leave to file a surreply. *United States v. Belshaw*, No. 307CV00080RCJVPC, 2010 WL 11590133, at *3 (D. Nev. Mar. 30, 2010). In fact, the non-moving party here (Defendant) did exactly that. (ECF No. 46 at 4).

contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). Under a strict textualist reading of LR 7-3(a), moving parties can use 20 pages in a summary judgment reply.[5] The ordinary meaning of LR 7-3(a) is easy to glean from the plain text of the rule. Therefore, Defendant is correct because Plaintiff clearly violated this rule with a 29-page filing.[6]

However, Defendant asks the Court to cure Plaintiff's violation and either strike the exhibits or allow Defendant to file a surreply.[7] As explained above, Plaintiff's exhibits respond to the arguments that Defendant included in their Response to Summary Judgment. Therefore, it would be improper for the Court to strike the exhibits. But, the Court will grant Defendant's request for leave to file a surreply, even though such filing is discouraged. LR 7-2(b). Defendant's surreply must only address the exhibits produced in Plaintiff's Reply to Summary Judgment. (ECF No. 44). Defendant's surreply cannot introduce new arguments in opposition to summary judgment or bolster arguments that Defendant raised in the Response to Summary Judgment, which are unrelated to the exhibits at issue. (ECF No. 43).

///

///

///

///

---

[5] LR 7-3(a) states that "[r]eplies in support of a motion for summary judgment are limited to 20 pages."

[6] Given the ambiguity from *Heegel* and LR 7-3's construction, the Court will not punish Plaintiff for submitting a summary judgment reply over the page limit. Plaintiff's Reply in Support adhered to the page limit if exhibits did not count towards the page limit and Plaintiff did not engage in the type of flagrant violation that the defendant in *Heegel* did. Therefore, it would not be appropriate to punish Plaintiff for a misunderstanding of an already murky rule.

[7] Defendant's request for a surreply is proper because there aren't any punishments that are appropriate for Plaintiff's error. If the Court asked Plaintiff to resubmit the Reply in Support according to the Court's interpretation of LR 3-7(a), then Defendant would surely move to strike the exhibits arguing that they are new exhibits. Rather, than put the matter back in the same position as it was before this Order, the Court will allow Plaintiff to keep the Reply in Support filed and give Defendant an opportunity to respond using a surreply.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to strike is DENIED. (ECF No. 46).

IT IS FURTHER ORDERED that the Court will grant the Defendant fourteen days (14 days) to file a surreply addressing the exhibits submitted with Plaintiff's Reply in Support.

IT IS SO ORDERED.

Dated this 28th day of October 2022.

_____
ROBERT C. JONES
United States District Judge